IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JAMES CHANDLER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | No. 5:17-cv-210-MTT-CHW |
| | : | |
| Warden CEDRIC TAYLOR, | : | |
| | : | |
| Respondent. | : | |
| | : | |

## REPORT AND RECOMMENDATION

Before the Court is a motion to dismiss James Chandler's petition for federal habeas corpus relief filed pursuant to 28 U.S.C. § 2254. (Doc. 8). Because Petitioner failed to exhaust his State court remedies, it is **RECOMMENDED** that the motion to dismiss be **GRANTED**.

## BACKGROUND

On June 29, 2009, a Putnam County grand injury indicted Petitioner James Chandler on charges of child molestation and aggravated child molestation. (Doc. 9-1, p. 1). Petitioner pleaded guilty to some of the charges[1] on February 16, 2010, and he received a "split" sentence that day of life imprisonment, to serve twenty-five years. (Doc. 9-2, p. 1). Both the indictment bearing Petitioner's guilty-plea signature and the judgment bearing the judge's signature lack filing stamps or other indications of the date

---

[1] Petitioner was charged with three counts of child molestation, and two counts of aggravated child molestation. He pleaded guilty to one count of child molestation and to both counts of aggravated child molestation. The remaining counts were not prosecuted. (Doc. 9-2, p. 1).

1

upon which these documents were filed with the clerk of court. Instead, the documents bear certification stamps attesting that a "true and accurate copy of the original … appears of Record in the office of the Clerk of the Superior Court of Putnam County." (Doc. 9-1, p. 1; Doc. 9-2, p. 1). For both documents—the indictment and the judgment— the date of certification is November 26, 2013. (*Id.*).

A transcript of Petitioner's guilty-plea hearing, filed by Petitioner, reveals some discussion of medication prior to the acceptance of Petitioner's guilty plea:

The Court:  Are you now under the influence of any alcohol, drugs, narcotics, pills or medication?

Mr. Chandler:  I'm under pills, sir.

The Court:  Doctor-prescribed?

Mr. Chandler:  Yes, sir.

The Court:  And are you taking the medication the way the doctor prescribed it?

Mr. Chandler:  Yes, sir.

The Court:  Are you clear-headed here this morning?

Mr. Chandler:  Yes, sir.

The Court:  You understand what's going on?

Mr. Chandler:  Yes, sir.

(Doc. 1-3, pp. 7–8)

Unlike the indictment and the judgment, Petitioner's guilty-plea transcript does bear a filing-date stamp. (Doc. 1-3, p. 1). The date listed for filing is December 16, 2013. (*Id.*).

Petitioner did not appeal his conviction. (Doc. 1, p. 2; Doc. 8-1, p. 5). He did, however, file a first petition for state habeas relief on September 30, 2013, in the Superior Court of Baldwin County. (Doc. 9-3, p. 1). In that first state habeas petition, Petitioner stated that he was then "being held in a mental health facility." (Doc. 9-3, p. 2).

Petitioner's first petition for state habeas relief was denied in an order dated July 1, 2016. (Doc. 9-4, pp. 1–9). As gleaned from that order, Petitioner raised the following four grounds for relief in his first state habeas petition:

1. Ineffective assistance of counsel based on counsel's failure to seek a mental health evaluation. (Doc. 9-4, p. 2).

2. Ineffective assistance of counsel based on counsel's failure to advise Petitioner of his appellate rights. (Doc. 9-4, p. 2).

3. Ineffective assistance of counsel based on counsel's failure to explain Petitioner's sentence. (Doc. 9-4, p. 2).

4. That Petitioner's guilty plea was not knowing and voluntary, in light of Petitioner's "cognitive issues." (Doc. 9-4, p. 6).

The record indicates that Petitioner subsequently attempted, without success, to seek further review before the Georgia Supreme Court. (Doc. 9-5, p. 1).

Petitioner also filed a second state habeas petition on May 23, 2016. (Doc. 9-6). According to the State, Petitioner's second state habeas petition remains pending, although the State has moved to dismiss that second state habeas petition based upon state rules of timeliness and successive filing. *See* (Doc. 9-7).

3

In this federal habeas action, the State moves for a dismissal on two grounds. First, the State argues that Petitioner's Section 2254 petition is untimely based upon the applicable 1-year period of limitation. (Doc. 8-1, pp. 3–8). Second, the State argues that Petitioner's Section 2254 petition should be dismissed for lack of exhaustion because "Petitioner has not completed the process of exhausting his available state remedies, as his second state habeas corpus petition is still pending." (Doc. 8-1, p. 10).

## THE PROPER RESPONDENT

Before addressing the grounds raised by the State for dismissal, this Recommendation notes that the identity of the proper respondent to this habeas action is unclear. The record currently indicates that Petitioner is incarcerated at Baldwin State Prison. (Doc. 1-7).[2] Therefore, pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases, the proper respondent to this habeas action would seem to be the warden of Baldwin State Prison.

Petitioner initially named Warden Cedric Taylor as the Respondent, and by all accounts, Warden Taylor was the proper respondent at the time of commencement in June 2017. *See, e.g.*, *Muhammad v. Allen*, 2018 WL 780614 at *2 n. 2 (N.D.Ga. Feb. 8, 2018) (listing Cedric Taylor as the Warden of Baldwin State Prison). All of the responsive filings in this action, however, list Tom Gramiak as the Respondent. *See* (Docs. 7, 8, 9). There has been no motion to remove Cedric Taylor as Respondent or to

---

[2]  *See also* http://www.dcor.state.ga.us/GDC/OffenderQuery/jsp/OffQryForm.jsp (last visited June 25, 2018).

substitute a new Respondent. Records otherwise available suggest that neither Cedric Taylor nor Tom Gramiak presently serves as the warden of Baldwin State Prison.[3]

The designation of an official capacity respondent is largely a formality, and the Rules expressly provide that an "officer's successor is automatically substituted as a party." *See* Fed. R. Civ. P. 25(d). Therefore, the mere ambiguity in the identity of the proper respondent does not give cause for declining to rule upon the State's pending motion to dismiss. Given the ambiguity, though, this Recommendation continues to list Warden Cedric Taylor as the Respondent.

## MOTION TO DISMISS

The State has failed to demonstrate that Petitioner's Section 2254 petition is untimely because the State has failed to show when Petitioner's judgment of conviction was entered by filing with the clerk of court. *See* OCGA § 5-6-31. Nevertheless, because the record establishes that Petitioner failed to exhaust his State court remedies, it is **RECOMMENDED** that the pending motion to dismiss be **GRANTED**.

### A. Timeliness

The State's argument for a dismissal on grounds of untimeliness concentrates on Petitioner's request, through a jailhouse draftsman, for equitable tolling due to Petitioner's alleged mental deficiencies. (Doc. 1, pp. 13–14). (Doc. 8-1, pp. 6–8). On this issue, the State's argument is persuasive. Petitioner's filings provide no meaningful description of his alleged "mental health incompetency," or of any alleged mental health

---

[3] A Georgia Department of Corrections press release indicates that Trevonza Bobbitt is the Warden of Baldwin State Prison as of January 1, 2018. *See* http://www.dcor.state.ga.us/NewsRoom/PressReleases/new-warden-baldwin-state-prison (last visited June 25, 2018).

treatment. Nor does the record suggest that Petitioner suffers from mental deficiencies. The State trial court questioned Petitioner in person and determined that Petitioner was competent to enter a plea, notwithstanding his "pills." (Doc. 1-3, pp. 7–8). Later, a State habeas court found that Petitioner had failed to inform his trial counsel of any mental health problems and that no evidence supported Petitioner's allegations of "mild retardation and cognitive issues." (Doc. 9-4, pp. 4–5, 8). In this context, the lack of fact-based dispute renders an evidentiary hearing unnecessary to deny Petitioner's request for equitable tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011) ("a petitioner is not entitled to an evidentiary hearing when his claims are merely conclusory allegations unsupported by specifics").

Nevertheless, the issue of equitable tolling is only relevant when a habeas petition is untimely. Because the State has failed to demonstrate when judgment was entered upon Petitioner's February 16, 2010 guilty plea, and because Petitioner is entitled to statutory tolling while his first state habeas petition was pending, the State has failed to demonstrate that Petitioner's Section 2254 petition is untimely.

As noted by the State, the Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a 1-year period of limitation on Section 2254 petitions. 28 U.S.C. § 2244(d)(1). Ordinarily, as here, that limitation period runs from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). AEDPA further provides that the limitation period is tolled while a "properly filed application for State post-conviction or

6

other collateral review with respect to the pertinent judgment … is pending." 28 U.S.C. § 2244(d)(2).

Petitioner did not appeal from his guilty plea, (Doc. 1, p. 2; Doc. 8-1, p. 5). Under OCGA § 5-6-38, therefore, Petitioner's judgment became final upon the expiration of time for seeking review, "30 days after the entry of … judgment." OCGA § 5-6-38(a). "Entry of judgment" means the "filing with the clerk of a judgment, signed by the judge." OCGA § 5-6-31. While the State has provided a signed judgment of conviction upon Petitioner's guilty plea, *see* (Doc. 9-2, p. 1), neither that judgment nor any other document demonstrates when Petitioner's judgment of conviction was filed with the clerk of court and thereby entered.

Petitioner's judgment does bear a certification stamp indicating that a true and accurate copy of the judgment could be found in the office of the Clerk of the Superior Court of Putnam County as of November 26, 2013, (Doc. 9-2, p. 1), and this stamp sufficiently establishes that Petitioner's judgment was "fil[ed] with the clerk" as of that date. This date is insufficient to demonstrate untimeliness, however, because Petitioner's first state habeas petition, filed on September 30, 2013, (Doc. 9-3, p. 1), tolled the limitations period through at least July 1, 2016, the signature date of the order denying Petitioner's first state habeas petition. (Doc. 9-4, p. 9). Even using this signature date and overlooking Petitioner's subsequent attempts to exhaust his State court remedies, Petitioner's Section 2254 petition, filed in May or June of 2017, is timely.

B. **Exhaustion**

In addition to the 1-year period of limitation, Section 2254 requires petitioners to exhaust their claims by fairly presenting them to the State courts through one complete round of review. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). *See also Pope v. Rich*, 358 F.3d 852, 854 (11th Cir. 2004) ("*Boerckel* applies to the state collateral review process as well as the direct appeal process"). Petitioner did not seek direct appellate review of his conviction, and the record demonstrates that Petitioner failed to exhaust any of his federal habeas claims by means of State collateral review. Accordingly, the instant Section 2254 petition should be dismissed without prejudice for failure to exhaust.

The State argues that Petitioner "has not completed the process of exhausting his available state remedies, as his second state habeas corpus petition is still pending in Baldwin County." (Doc. 8-1, pp. 2, 10). The record supports the State's argument. Nothing in the record, other than Petitioner's conclusory remarks (Doc. 1, pp. 4–5), suggests that the State courts have ruled upon Petitioner's second state habeas petition. Accordingly, Petitioner failed to exhaust any claims by means of his second state habeas petition.

Petitioner also did not exhaust any of his federal habeas claims by means of his first state habeas petition. The record establishes that Petitioner failed to seek review before the Georgia Supreme Court by applying for a certificate of probable cause to appeal the denial of his first state habeas petition. (Doc. 9-5, p. 1). By failing to seek review before the Georgia Supreme Court, Petitioner did not fairly present his claims

8

through one complete round of review, and thereby failed to exhaust. *Pope v. Rich*, 358 F.3d 852, 853 (11th Cir. 2004). Accordingly, because Petitioner failed to exhaust his claims in the courts of the State, the State's motion to dismiss should be granted.

**CONCLUSION**

Because Petitioner failed to exhaust his State court remedies, it is **RECOMMENDED** that the State's motion to dismiss (Doc. 8) be **GRANTED**. Furthermore, pursuant to the requirements of Rule 11 of the <u>Rules Governing Section 2254 Cases</u>, it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, it is also **RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this Recommendation, or seek an extension of time to file objections, <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof. The District Judge will make a de novo determination of those portions of the Recommendation to which objection is made. All other portions of the Recommendation may be reviewed for clear error.

The parties are further notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting

and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

SO RECOMMENDED, this 29th day of June, 2018.

s/ Charles H. Weigle

Charles H. Weigle
United States Magistrate Judge