# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| JAMES CHANDLER, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) CIVIL ACTION NO. 5:17-CV-210 (MTT) |
| Warden CEDRIC TAYLOR, | ) |
| Respondent. | ) |

## ORDER

United States Magistrate Judge Charles H. Weigle recommends that Respondent Warden Cedric Taylor's motion to dismiss Petitioner James Chandler's § 2254 habeas petition be granted in part and denied in part. Doc. 12 at 1. Further, the Magistrate Judge recommends that a certificate of appealability be denied. *Id.* While the Petitioner has not objected to the recommendation, the Respondent has objected to the recommendation. Accordingly, pursuant to 28 U.S.C. § 636(b)(1), the Court has performed a de novo review of those portions of the recommendation to which the Respondent objects. For the reasons stated, the recommendation is **ADOPTED in part** and **REJECTED in part**.

The Respondent moved to dismiss the petition on two bases: (1) that the Petitioner failed to exhaust and (2) that the petition was untimely. Doc. 8. The Magistrate Judge found that the Petitioner failed to exhaust but that Respondent had failed to establish the petition was untimely, a finding to which the Respondent objects. Docs. 12 at 5-9; 14. The Antiterrorism and Effective Death Penalty Act (AEDPA)

imposes a 1-year period of limitation on § 2254 petitions. 28 U.S.C. § 2244(d)(1). That limitation period ordinarily runs, as it does here, from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitation period is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . is pending." 28 U.S.C. § 2244(d)(2).

The Magistrate Judge found that the Respondent "failed to show when Petitioner's judgment of conviction was entered by filing with the clerk of court." Doc. 12 at 5 (citing O.C.G.A. § 5-6-31). The Magistrate Judge found the judgment of conviction silent as to the filing date, such that the State could only establish it had been filed no later than November 26, 2013, the date of a certification stamp on the judgment. *Id*. In its objection, the Respondent argues that "Petitioner's sentence was filed on February 16, 2010, in Putnam County, which was the same day he entered his guilty plea." Doc. 14 at 2 (citing Doc. 9-2).

O.C.G.A. § 5-6-31 states that "the filing with the clerk of a judgment, signed by the judge, constitutes the entry of a judgment within the meaning of this article." Respondent points to the bottom-left corner of the Petitioner's sentence submitted by the Respondent, which states, "Filed in Open Court, this 16th day of February, 2010." Doc. 9-2. The Respondent argues that the language on the sentence is sufficient to demonstrate that the sentence was "Filed in Open Court" on February 16, 2010. Doc. 14 at 3. Respondent thus argues that Petitioner's final judgment of conviction was filed on February 16, 2010, and that Petitioner's guilty plea became final on March 18, 2010, when the thirty-day window to file a notice of appeal under O.C.G.A. § 5-6-38(a)

expired. The Court agrees. The Court therefore finds that there was no period of limitations to toll when Petitioner filed his state habeas corpus petition on September 30, 2013, and his petition was untimely.

In sum, the recommendation (Doc. 8) is **ADOPTED in part** and **REJECTED in part**. The recommendation that the motion to dismiss be granted because the Petitioner failed to exhaust is **ADOPTED** and made the order of this Court, but the recommendation that the Respondent failed to establish the petition was untimely is **REJECTED**. Accordingly, Taylor's motion to dismiss (Doc. 8) is **GRANTED**, and Chandler's petition is **DENIED** as untimely and for failure to exhaust. Further, the recommendation that a certificate of appealability be denied is **ADOPTED** and made the order of this Court, and, accordingly, a certificate of appealability is **DENIED** because the Petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

**SO ORDERED**, this 31st day of August, 2018.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT